IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION



| | |
|---|---|
| EDUARDO CARO, § | |
|    Plaintiff, § | |
| § | |
| v. § | EP-08-CV-180-DB |
| § | |
| PENSKE LOGISTICS, LLC, § | |
|    Defendant. § | |

### FINAL JUDGMENT

On January 12, 2009, the above-captioned cause was called to trial. Plaintiff Eduardo Caro appeared in person and by his attorney of record. Defendant Penske Logistics, LLC appeared through personal representative and by its attorneys of record. Plaintiff and Defendant announced ready for trial. A jury having been demanded, all questions of fact regarding legal claims unresolved by the Court's rulings on Defendant's Motion for Summary Judgment, were submitted to a jury consisting of eight (8) qualified, duly-empaneled jurors, and the case proceeded to trial.

On January 13, 2009, having heard the evidence, the Jury returned a verdict in Plaintiff's favor. The Court's Instructions to the Jury and the Jury's Verdict are incorporated herein by reference for all purposes. On March 5, 2009, Defendant submitted a Motion for Judgment as a Matter of Law, or in the Alternative, Motion for a New Trial *Nisi Remittitur*. On March 10, 2009, Plaintiff submitted an Application for Attorney Fees & Costs as Prevailing Party as well as a Motion for Entry of Final Judgment. After due consideration, the Court finds judgment should be rendered on the Jury's verdict. Further, having considered Defendant's actions in the instant cause and determining that they were not taken in good faith, the Court

concludes that Plaintiff is entitled to and should recover liquidated damages, as set forth below. 29 U.S.C.A. § 2617(a)(1)(A)(iii) (West 2009). Finally, having considered the factors set out in *Johnson v. Georgia Highway Express, Inc.*, the Court is of the opinion that Plaintiff should be granted attorney's fees, as specified herein. 488 F.2d 714, 717-19 (5th Cir. 1974), *rev'd on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87, 109 S. Ct. 939, 103 L. Ed. 2d 67 (1989).

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Eduardo Caro have and recover his lost wages and benefits in the past in the sum of **$38,200.00**, against Defendant Penske Logistics, LLC.

**IT IS FURTHER ORDERED** that Plaintiff Eduardo Caro have and recover his lost wages and benefits in the future in the sum of **$114,600.00**, against Defendant Penske Logistics, LLC.

**IT IS FURTHER ORDERED** that Plaintiff Eduardo Caro recover pre-judgment interest on his lost wages and benefits in the past and in the future at the rate of .51% per annum.

**IT IS FURTHER ORDERED** that Plaintiff Eduardo Caro have and recover liquidated damages in an amount equaling Plaintiff's lost wages and benefits in the past and in the future and the pre-judgment interest assessed thereon.

**IT IS FURTHER ORDERED** that Plaintiff Eduardo Caro have and recover reasonable attorney's fees, in the sum of **$50,650.00**, against Defendant Penske Logistics, LLC.[1]

**IT IS FURTHER ORDERED** that the judgment herein rendered shall bear

---

[1] The Court calculated attorney's fees at a rate of $260 per hour multiplied by 171.25 hours for lead counsel, Attorney Enrique Chavez, Jr, and $175 per hour multiplied by thirty-five (35) hours for co-counsel, Associate Attorney Constance R. Wannamaker.

2

interest at the rate of .51% per annum from the date of judgment until paid.

**IT IS FURTHER ORDERED** that Plaintiff Eduardo Caro have and recover all court costs against Defendant Penske Logistics, LLC.

**IT IS FURTHER ORDERED** that Plaintiff Eduardo Caro is allowed such writs and processes for the enforcement and collection of this judgment.

**IT IS FURTHER ORDERED** that the above-captioned cause is **DISMISSED WITH PREJUDICE**.

**IT IS FINALLY ORDERED** that all other pending motions, if any, are **DENIED AS MOOT**.

**SIGNED** this **24th** day of **June, 2009**.

_____
THE HONORABLE DAVID BRIONES
UNITED STATES DISTRICT JUDGE